376 F.Supp.2d 273 (2005)
Scott DIAZ, Petitioner,
v.
UNITED STATES of America, Respondent.
No. 3:94CR00026 (AVC), 3:97CV00719 (AVC).
United States District Court, D. Connecticut.
July 5, 2005.
*274 Scott Diaz, Otisville, NY, pro se.
Brian P. Leaming, Nora R. Dannehy, Ronald Scott Apter, U.S. Attorney's Office, Hartford, CT, Christopher F. Droney, Leonard C. Boyle, U.S. Attorney's Office, New Haven, CT, for Respondent.

AMENDED[1] RULING ON THE PETITIONER'S RENEWED MOTION FOR WRIT OF HABEAS CORPUS
COVELLO, District Judge.
This is a motion brought pursuant to 28 U.S.C. § 2255 challenging the constitutionality of a sentence of 210 months custody imposed on the petitioner after the court determined that he met the criteria for a sentencing enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The petitioner seeks to vacate that sentence and a new sentencing hearing.
The issues presented is whether the petitioner's trial attorney, Michael Graham, rendered constitutionally ineffective assistance of counsel while representing the petitioner at his August 29, 1994 sentencing hearing. For the reasons hereinafter that follow, the court concludes that, indeed, the petitioner did receive ineffective *275 assistance of counsel that resulted in prejudice. The motion is therefore GRANTED.

FACTS
1. Background
Examination of the record and letter briefs submitted in this matter discloses the following undisputed, material facts. On March 8, 1994, the petitioner, Scott Diaz, was arraigned on a one count indictment charging him with knowingly possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). At the arraignment, the government furnished notice to the petitioner that, because he had three prior convictions for violent felonies and/or serious drug offenses, he was subject a sentencing enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The three prior convictions were (1) robbery in the second degree on November 22, 1985; (2) assault in the first degree on November 22, 1985; and (3) possession of narcotics with the intent to distribute on November 22, 1985.
Prior to trial, the petitioner's counsel, attorney Elton Williams, filed a motion to preclude the use of the prior three convictions in any ACCA enhancement, arguing that the convictions were imposed without advice to the petitioner of his constitutional right to a jury trial and to confront and cross examine witnesses. On May 17, 1994, the court denied the motion without prejudice to its refiling prior to sentencing. Attorney Williams also requested the court files from the Connecticut records center in Enfield for the proffered three prior convictions, and received a response that the record for the robbery conviction could not be located.
On June 7, 1994, the parties appeared for jury selection. After jury selection, attorney Michael Graham replaced attorney Williams as the petitioner's trial counsel. On June 10, 1994, the parties appeared for jury trial, and later that same day, the jury convicted the petitioner on the one count violation of 18 U.S.C. § 922(g)(1). On September 1, 1994, the court held a sentencing hearing and, by relying on three proffered prior felony convictions, determined that the petitioner met the statutory requirements for a sentence enhancement under the ACCA. In addition to the three proffered prior convictions, the presentence report recited that the petitioner had been convicted in July of 1989 of criminal possession of a weapon at a correctional facility in violation of Conn. Gen.Stat. § 53a-174a.[2] This conviction stemmed from a knife fight the petition had with another inmate at the Somers Correction Institution on May 4, 1989.
The petitioner did not challenge the ACCA enhancement because attorney Graham advised him that the prior convictions would have to be challenged in state court, after which the petitioner could return to federal court to petition for a new and more lenient sentence. The court thereafter sentenced the petitioner to 210 months custody followed by three years of supervised release.
After sentencing, the petitioner obtained new counsel and appealed his conviction to the United States Court of Appeals for the Second Circuit but did not challenge his sentence. On January 10, 1996, the Second Circuit affirmed the judgment of conviction. The petitioner thereafter filed a *276 petition seeking a writ of certiorari from the United States Supreme Court. On May 13, 1996, the High Court denied that petition.
On April 14, 1997, the petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He argued that he received ineffective assistance of counsel at sentencing because attorney Graham failed to challenge an alleged error in his criminal history, making him subject to a sentencing enhancement under the ACCA. Specifically, the petitioner argued that although the court found that he had three prior convictions for violent felonies and/or serious drug offenses, one of the convictions, i.e., the conviction for robbery in the second degree, could not be counted as he was not represented by counsel in that matter. The petitioner further argued that new extrinsic evidence obtained from the Enfield Records Center proved that he was not represented by counsel at the time of his guilty plea to the robbery charge.
On July 28, 1997, the government responded to the motion, arguing that the claim was without merit because its contradicted statements the petitioner made to the probation officer in which he admitted that he was represented by counsel and that, even if the robbery conviction was invalid, the petitioner had several other prior convictions requiring the ACCA enhancement. Further, the government maintained that the alleged new evidence was not new at all, in that the government had furnished it to the petitioner's trial attorney during pretrial discovery.
On August 13, 1998, the court issued a memorandum of decision denying the motion and concluding that, for the same reasons advanced by the government above, the petitioner was not entitled to any relief because he could not show any prejudice.
On June 22, 2000, the petitioner applied for and received a certificate of appealability from the Second Circuit. While his appeal remained pending, the government agreed with him that a need existed for an evidentiary hearing to resolve contradictory evidence, and hence filed a motion seeking a voluntary remand. On April 3, 2001, the Second Circuit granted the government's motion, vacated the court's order denying the § 2255 motion, and remanded for resolution of the following issues:
(1) whether [the petitioner's] claim that counsel rendered ineffective assistance by failing to investigate or contest one of his prior convictions used to enhance his sentence under 18 U.S.C. § 924(e) on the ground that he was not represented by counsel in that conviction qualifies as a `record based' claim within the meaning of Billy-Eko v. United States, 8 F.3d 111 (2d Cir.1993), where the state court documents supporting the claim were not obtained until [the petitioner's] direct appeal was completed; and, if not, (2) whether [the petitioner] made a sufficient showing of cause and prejudice to allow his claim to receive habeas review...
In addition a [certificate] is also granted on the issue of whether a district court should have conducted an evidentiary hearing or allowed [the petitioner] a full opportunity for the presentation of relevant facts concerning his ineffective assistance claim.
On remand, the petitioner submitted several additional motions but did not seek any additional discovery and he did not furnish the court with any new information concerning his claim. On October 11, 2001, after considering the parties' submissions on remand, the court once again denied the petition. Thereafter, the petitioner appealed that decision to the Second Circuit.
*277 The Second Circuit dismissed the appeal without prejudice to it being reinstated upon "the entry of an order by the district judge grant[ing] or denying a certificate of appealability." The petitioner thereafter filed a motion for a certificate of appealability with this court and, on January 13, 2003, the court granted that motion in part, concluding that the petitioner may pursue on appeal the issue of: (1) whether he received "record based" ineffective assistance of counsel within the meaning of Billy-Eko v. United States, 8 F.3d 111 (2d Cir.1993) and, if not; (2) whether he demonstrated cause and prejudice sufficient to allow his claim to receive habeas review. The court also ruled, however, that the petitioner, while entitled to discovery concerning his claims, failed to pursue his opportunity and hence had lost it.
With the matter now with the court of appeals, the government once again filed a motion seeking a remand. The government maintained that, in light of Massaro v. United States, 538 U.S. 500, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003), the court of appeals should vacate the court's order of October 11, 2003 denying relief on the ineffective assistance of counsel claim to the extent it concerned attorney Graham's failure to object to the court's use of an uncounseled robbery 2 conviction to enhance the petitioner's sentence under the ACCA. The Second Circuit agreed and, on June 7, 2004, the court of appeals vacated this court's order of October 11, 2003, and remanded the matter to this court for an evidentiary hearing on the claim. On August 31, 2004, the court held the evidentiary hearing.
2. Evidentiary Hearing
The petitioner testified that he told each of his attorneys, including attorney Graham, that he was not represented by counsel in connection with the robbery conviction. He testified how he appeared in court on the robbery charge on several occasions to discuss the case with the prosecutor, and that, in exchange for an Alford plea, he received a sentence of a fine and probation. At hearing, the petitioner introduced into evidence a superior court docket sheet that reflected the absence of an attorney during the robbery proceedings.
In response, the government appeared to abandon the proposition that the robbery conviction constituted a valid predicate for the ACCA enhancement, and instead asserted that even if the court improperly relied on an uncounseled robbery conviction, the petitioner suffered no prejudice because he had been convicted of another crime which could be substituted for that conviction, namely, the crime of criminal possession of a weapon at a correctional facility in violation of Conn. Gen.Stat. § 53a-174a. The charged stemmed from an incident at Somers Correctional Institution where the petitioner was involved in a knife fight with another inmate.
The petitioner did not dispute either that he participated in a knife fight or that he was disciplined by the department of corrections for his conduct. The petitioner did, however, challenge the validity of this conviction by testifying that he could not remember being charged criminally with possessing a weapon or appearing in court to face charges.
In response, the government offered a certified copy of a judgment mittimus that stated that, on July 11, 1989, the petitioner was convicted of the crime of possessing a weapon in a correctional facility in violation of Conn. Gen.Stat. § 53a-174a in the Connecticut superior court at Tolland and that he received a sentence of one year for the offense. The government also offered the testimony of one Susan Shepard, a records specialist with the Connecticut department of corrections. Shepard testified *278 that a judgment mittimus is an official record of the conviction that is created by the court at the time of sentencing. Shepard also testified that, according to records maintained in the department of corrections master file, the petitioner's 1989 conviction stemmed from a knife fight that occurred on May 4, 1989 while he was incarcerated at Somers.
The petitioner, however, credibly challenged the validity of that conviction. In particular, in support of his claim that he did not recall being brought to court to face the charge, the petitioner pointed out that: (1) the judgment mittimus does not contain an acknowledgment that the petitioner was ever actually delivered to the court, though the entire bottom section of the judgment document demands such information and other judgments mittimus moved into evidence reflect a properly executed acknowledgment; (2) that Somers Correctional Institute did not actually receive the judgment until July 12, 1989, that is, one full day after his alleged appearance in court, though by custom the judgment travels with the convict and is presented to the department of corrections upon the inmate's return to the facility, usually the very same day of the conviction. Further, Shepard testified that inmates have been sentenced in absentia, and in this case, no docket sheet was produced to better illuminate that proceeding or prove that the petitioner had been represented by counsel.
3. Findings
The court finds that the petitioner has demonstrated by a preponderance of the evidence that he was convicted and sentenced in absentia[3] of the crime of criminal possession of a weapon at a correctional facility in violation of Conn. Gen.Stat. § 53a-174a, and that he was not represented by counsel in that matter.

DISCUSSION
The petitioner argues that he was improperly sentenced under the ACCA because the court relied on an uncounseled prior state court conviction for robbery in the second degree in finding that he met the requirements for a sentencing enhancement under the ACCA.[4] In particular, the petitioner maintains that in accordance with Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) a felony conviction obtained without benefit of counsel is unconstitutional and may not be used as a predicate to enhance a sentence under the ACCA. Further, the petition asserts that, although he did not raise this claim on direct appeal, the claim can be considered here because his trial attorney, Michael Graham, unreasonably failed to object to the enhancement and, in this regard, rendered constitutionally ineffective assistance.
In response, the government does not challenge the petitioner's statement of the law or dispute the petitioner's assertion *279 that he was not represented by counsel in connection with the robbery conviction. Instead, the government avers that, even if attorney Graham failed to render effective assistance, the petitioner is nevertheless not entitled to relief because "notwithstanding any possible infirmities with the [r]obbery 2 conviction, when the petitioner was originally sentenced, he had previously been convicted of [an additional felony of possession of a weapon at a correctional facility in violation of Conn. Gen.Stat. § 53a-174a, and hence] three predicate felony offenses, and therefore, the court's imposition of a sentence under the ACCA was both warranted and appropriate."
"If an enhanced federal sentence [is] based in part on a prior conviction obtained in violation of the right to counsel, the defendant may challenge the validity of his prior conviction during his federal sentencing proceedings." Daniels v. United States, 532 U.S. 374, 382, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001). If he fails to do so, he may still pursue "any channels of direct or collateral review still available." Id. If the claim is not pressed on direct appeal, collateral review in the form of a habeas petition is the only recourse. See id. (citing United States v. Frady, 456 U.S. 152, 167-168, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)) and stating that the procedural default rules developed in the habeas corpus context apply)). To prevail, the petitioner must show both "(1) `cause' excusing his double procedural default, and (2) `actual prejudice' resulting from the errors of which he complains." Frady, 456 U.S. at 168, 102 S.Ct. 1584.
Applying these principles, the court observes that the petitioner did not object to the ACCA enhancement at sentencing, and he did not press the instant claim on direct appeal. Consequently, he must prove both cause for failing to raise the claim and prejudice resulting therefrom.
1. Cause
To show cause, the petitioner must show that counsel's performance was constitutionally deficient, that is, that it fell below an objective standard of reasonableness under prevailing professional norms. Bouyea v. United States, 263 F.Supp.2d. 403, 411 (D.Conn.2003) (citing Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). In this case, attorney Graham failed to challenge the court's use of an uncounseled robbery 2 conviction in applying the ACCA enhancement, even though the petitioner himself told attorney Graham that he was not represented by counsel in that matter. Attorney Graham's failure to present any challenge to that enhancement prior to sentencing, notwithstanding the obvious infirmity of that decision under Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) and Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967)[5], compels the conclusion that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms.
2. Prejudice
To show prejudice, the petitioner must demonstrate that, "but for counsel's unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different." Bouyea, 263 F.Supp.2d. at 411 (citing Strickland v. Washington, 466 U.S. at 688, 104 S.Ct. 2052). To be sure, a reasonable probability exists that the petitioner would not have received the ACCA enhancement at sentencing had attorney Graham identified the robbery conviction as having been *280 obtained in violation of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). Although the government argues that any prejudice flowing from such an error is rendered moot by the petitioner's conviction for possessing a weapon at a correctional facility, the court cannot agree. At hearing, the petitioner credibly demonstrated that he was convicted and sentenced in absentia of the crime of felony of possession of a weapon at a correctional facility in violation of Conn. Gen.Stat. § 53a-174a, and that he was not represented by counsel in that matter. Hence, this conviction, like the robbery conviction, may not serve as a predicate for imposing an ACCA enhancement.

CONCLUSION
For the foregoing reasons, the renewed motion for writ of habeas corpus is GRANTED (document no. 103). The court hereby vacates the ACCA enhancement imposed at sentencing and, in light of the substantial time already served, the court orders the government to show cause on or before the close of business on Thursday, July 7, 2005 why the petitioner should not be immediately released from custody pending a hearing to correct the sentence.
NOTES
[1] The court's original ruling has been amended this day to correct minor typographical errors.
[2] Conn. Gen.Stat. § 53a-174a provides, in relevant part, that "a person is guilty of possession of a weapon or dangerous instrument in a correctional institution when, being an inmate of such institution, he knowingly makes, conveys from place to place or has in his possession or under his control any firearm, weapon, dangerous instrument, explosive, or any other substance or thing designed to kill, injure or disable."
[3] Although Shepard also testified that judgments that are rendered in absentia are designated as such, and the judgment in this case displays no such designation, the court concludes that the failure of this judgment to reflect such a designation was due to a clerical error. This finding is consistent with the record at hearing, which disclosed other clerical errors, to include a writ ordering the release of the petitioner for a court hearing, but bearing the wrong inmate identification number.
[4] The petitioner does not challenge his 1994 federal firearms conviction. The petitioner also does not dispute that, at the time of his original sentencing hearing in August 1994, he had previously been convicted on November 22, 1985 of possession with intent to distribute cocaine and assault in the first degree, or that these two prior convictions constituted valid predicate offenses under the ACCA.
[5] See Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967)(a conviction obtained in violation of Gideon may not "be used against a person either to support guilt or enhance punishment for another offense").